IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DEMETRIUS WILLIAMS,

        Petitioner,  :  Case No. 3:21-cv-186

 - vs -                             District Judge Thomas M. Rose
                                       Magistrate Judge Michael R. Merz

CHAE HARRIS, Warden,
 Lebanon Correctional Institution,

                                                            :
        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATION

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 12) to the Magistrate Judge's Report and Recommendation (ECF No. 11) concluding that the petition should be dismissed with prejudice. District Judge Rose has recommitted the case for reconsideration in light of the Objections (Recommittal Order, ECF No. 13).

Williams, who is represented by counsel, pleaded two grounds for relief:

    **Ground One:** Due Process violation when denied the constitutional right to present a defense.

    **Ground Two:** Denial of Effective Assistance of Counsel

The Report read the Petition as pleading two grounds of ineffective assistance of trial counsel, the first being that trial counsel gave Petitioner bad advice when he persuaded him not to testify and the second being counsel's combined "fail[ure] to obtain a crime-scene reconstructionist; fail[ure] to investigate the Government's forensic evidence; fail[ure] to contact,

interview, or call witnesses to testify at trial; fail[ure] to allow Mr. Williams to testify in his own defense; and fail[ure] to suppress evidence including Mr. Williams' statements and identification." (Petition, ECF No. 1-2, PageID 20-23).

Petitioner had presented no evidence of anything the State had done to prevent him from putting on a defense. Therefore the Report re-analyzed the First Ground as raising a claim of ineffective assistance of trial counsel, to wit, counsel was ineffective for persuading Williams not to testify (Report, ECF No. 11, PageID 1275-76). The Objections make no objection to that re-characterization of Ground One.

When the claim that Williams' counsel prevented him from testifying was ultimately presented to the Second District Court of Appeals as an assignment of error omitted by appellate counsel, the Second District found it was without merit because there was no evidence in the trial record to support this claim. (Decision and Entry, State Court Record, ECF No. 6, Ex. 27, ¶¶ 17-21, PageID 272-74). Evidence outside the trial record could have been presented in a petition for post-conviction relief, but no such petition was ever filed. Thus this claim was held barred by Ohio's criminal *res judicata* doctrine announced in *State v. Perry,* 10 Ohio St. 2d 175 (1967). The same is true of the Second Ground for Relief (Report, ECF No. 11, PageID 1284, citing Decision and Entry, State Court Record, ECF No. 6, Ex. 27, PageID 268).

The Report also cited Sixth Circuit case law recognizing the *Perry* doctrine as an adequate and independent state ground of decision (Report, ECF No. 11, PageID 1284, citing *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001).

Acknowledging the *Perry* doctrine, Williams objects:

> While *res judicata* prevents additional challenges from being made after initial challenges were found to be without merit, **there should be exemptions to the rule.** In fact, the Supreme Court of the United States has held that exemptions from res judicata should exist because "conventional notions of finality of litigation have no place where life or liberty is at stake.'" *Sanders v. United States* 373, U.S. 1, 8 83 S. Ct. 1068, 10 L. Ed. 2d 148 (1963). Strict application of res judicata can hinder other objective of the legal system. Barring Petitioner from challenging, in his 26(B) Application to reopen, his attorney's overall effectiveness certainly impacts his fundamental rights. Further barring him from raising legitimate issues of ineffectiveness in his habeas petition is detrimental.

(Objections, ECF No. 12, PageID 1293, emphasis supplied.)

Whether additional exemptions from state procedural bars should be created is a question for the state courts. Once they have created a procedural bar, a federal habeas court must then evaluate it under *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

> First the [habeas] court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Id.*; accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002). Thus there is certainly room for a habeas court to allow merits consideration of a habeas claim when there is no adequate and independent state procedural bar

3

interposed or when it has been improperly applied. For example, the federal courts will review habeas claims on the merits (1) when the Ohio courts incorrectly hold that those claims are barred by *res judicata*, in that such a holding is not enforcement of a procedural default because it is "factually incorrect" and (2) when Ohio courts hold on collateral review that claims are barred by *res judicata* because decided on direct appeal, in that the petitioner has not procedurally defaulted. *Durr v. Mitchell*, 487 F.3d 423 (6th Cir. 2007). Also failure to comply with a state procedural rule can be excused when a petitioner proves actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383 (2013), or in the circumstances described in *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413 (2013).

As explained in the Report, none of these recognized exceptions apply in this case and Petitioner has not objected to the Report's analysis of those cases. When the federal appellate and Supreme Courts have upheld a state procedural rule, lower courts must obey. *Hutto v. Davis*, 454 U.S. 370, 375 (1982).

Petitioner cites *Sanders v. United States*, 373 U.S. 1 (1963), for the proposition that "conventional notions of finality of litigation have no place where life or liberty is at stake." *Id.* at 8. *Sanders* in its day did prevent the application of *res judicata* as between successive § 2255 motions to vacate or petitions for habeas corpus under § 2254. But it has long since been superseded by case law (See *Wainwright v. Sykes*, 433 U.S. 72, 86-87 (1977)) and the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214).

**Conclusion**

Both of Williams' Grounds for Relief are barred by his procedural defaults in presenting them to the Ohio courts. They should therefore be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a

certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

February 7, 2022.

s/ *Michael R. Merz*<br>
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #